Nott, J.
It appears from the declaration, that this was an action of tresspass quare clausum jregit., for breaking and entering the plaintiff’s close, and taking plank from his house, !kc. This is a possessory action, and the plaintiff must have either an actual or constructive possession to enable him to maintain it. When the defendant is not in the actual possession, a constructive possession on the part of the plaintiff is sufficient. The possession is presumed to be in him who has the right. Johnson, one of the defendants, occupied this land as the tenant Of the plaintiff the year before this action was brought. That was sufficient evidence, both of title and possession, to enable the plaintiff to maintain the action. -But it is contended that the plaintiff had leased the land to Clubb, and had therefore parted with the possession; and that the tresspass if any was committed upon Clubb, and not upon the plaintiff, and that the action should have been bro’t by him. And that seems to have been the opinion of the presiding judge. A question has been raised in the course of the argument, whether the decisions of our courts have not altered the English law upon that subject. It is said to have been decided in this state, that the possession by a tenant is the possession of the landlord, and that he may maintain an action of tresspass notwithstanding the premises may have been leased to another. But 1 am not aware of any decision of our courts at variance with the decisions of the English courts in that respect. There is a species of tenantry in this country which is very unusual if not altogether unknown ip England. It is not unusual for persons owning tracts of unoccupied lands, to place agents on the lands ibt the purpose of holding possession for them, and to protect the lands from depredation. Such a tenantry is not considered as conveying any right to the tenant: Such a possession is considered the *425 possession of the lan dlord and not of the tenant, notwithstanding he may be allowed the privilege of cultivating a part of the land for his own use. The part thus occupied by the tenant, may be considered as in his exclusive possession, and no more. And ! apprehend that under similar circumstances, such would be the decision in England. In the present case, the nature of the tenantry of Clubb does not appear. Whether the land was actually leased to him,’and if it were, whether it embraced the whole tract, or only the field which he occupied does not appear. It would appear to me that he could not have any claim to the house where the trespass was committed, for he was called upon ms a witness, and no ' question was made as to his interest in the case. There was. no evidence therefore of the plaintiff’s divestiture of possession so as to deprive him ofa right of action. With regard to the evidence 1 shall express no opinion, because the instructions of the court to the jury on the law precluded all inquiry into the facts. I am of opinion a new trial ought to be granted.
Miller, for the motion.
Haynesworth, contra.